UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00377-FDW-DSC

| | |
|---|---|
| ANDREW COHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ZL TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Transfer this case to the Northern District of California (Doc. No. 15) and Defendant's Motion for Judicial Notice (Doc. No. 17). As an initial matter, Defendant did not file any opposition to the Motion for Judicial Notice, and the Court sees no legal reason to deny it. The unopposed motion for judicial notice is therefore GRANTED. For the reasons that follow, the motion to transfer is also GRANTED.

### I.     PROCEDURAL HISTORY

On February 5, 2014, Defendant filed a complaint against Plaintiff in the United States District Court for the Northern District of California, alleging that Plaintiff failed to perform the services that he promised to perform for Defendant, resulting in lost profits and unnecessary costs for Defendant. Plaintiff subsequently filed the present action in North Carolina Superior Court on June 10, 2014, alleging Plaintiff's entitlement to stock options and Defendant's financial information relating to such stock options because Plaintiff properly performed services as promised to Defendant.

On July 8, 2014, Defendant removed that state case to this Court. The undersigned denied Plaintiff's motion for remand to state court on August 1, 2014, because the Court found subject matter jurisdiction existed since there was sufficient evidence to support Defendant's contention that the amount in controversy exceeded $75,000.

Thereafter, Defendant filed the instant motion to transfer, which has been fully briefed by the parties and is now ripe for review.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have discretion to adjudicate motions for transfer based on notions of fairness and convenience. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 23 (1988).

In exercising this discretion, the Court determines whether the case should be transferred for the convenience of the parties, witnesses, and in the interest of justice. To make this determination, this Court applies a balancing test and considers various factors in deciding whether transfer is appropriate. Jim Crockett Promotions, Inc. v. Action Media Grp., Inc., 751 F. Supp. 93 (W.D.N.C. 1990). The factors to be considered include:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;

10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home     with state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

Id. at 96.  The above factors fall into three categories: (1) factors that favor neither party, (2) factors that favor Defendant, and (3) factors that favor Plaintiff.  Id. at 98.  The Court must analyze the eleven factors based on quality, not just quantity.  Id. at 96.

At the outset, the Court notes that Plaintiff's sole opposition to Defendant's Motion to Transfer is the argument that this matter is not properly before this Court because the amount in controversy does not exceed $75,000, the diversity threshold.  Notably, Plaintiff neither *addresses* nor *objects* to Defendant's analysis of the considered factors, as discussed herein.  In fact, Plaintiff concedes that, *if* this lawsuit were properly before this Court, Plaintiff would not contest the transfer of his case to the Northern District of California.  (Doc. No. 22).  While the failure to adequately oppose the instant motion may be one reason to support granting Defendant the relief it seeks, the Court will nevertheless briefly explain why, as a matter of law, it should be granted.

### A. §1404 Requirement

First and foremost, transfer of this case would not violate §1404(a) because jurisdiction is proper in the Northern District of California.  Defendant is incorporated in and has its principal place of business is in California.  Thus, transfer would not violate §1404.  The vast majority of employees work out of Defendant's headquarters in San Jose, California, unless traveling to assist Defendant's customers.  (Doc. No. 16).  While Plaintiff contends that he is a resident of North Carolina and that Defendant does substantial business with customers in North Carolina, a review of Plaintiff's Complaint similarly indicates that Defendant is a California corporation

3

with its principal place of business in San Jose, California. (Doc. No. 1-3). Therefore, jurisdiction is proper in the Northern District of California under §1404.

### B. Balancing Test

The Court now looks to the applicable factors to determine whether a matter will be transferred. Defendant argues that six factors support transfer, five factors are neutral, and no factors oppose transfer. (Doc. No. 16).

The Court agrees with Defendant that six factors support transfer. The first factor, "Plaintiff's initial forum choice," weighs in favor of transfer because Defendant filed an action against Plaintiff several months before Plaintiff filed the current action. See Century Furniture, LLC v. C & C Imports, Inc., No. 1:07-CV-179, 2007 WL 2712955 at *3-4 (W.D.N.C. Sept. 14, 2007). Additionally, the third factor, "the relative ease of access of proof," supports transfer because Defendant contends that it possesses millions more documents than Plaintiff, and Plaintiff has requested access to highly-confidential financial records that would require inspection at Defendant's headquarters in California. (Doc. No. 16). Further, the fourth factor, "the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses," also weighs in favor of transfer. Defendant has identified six third-party witnesses in California and none in North Carolina. Moreover, there are thirty-six potential witnesses in California. Plaintiff is the only individual involved in the current action that resides in North Carolina. Bringing all relevant witnesses to North Carolina far outweighs the cost of bringing Plaintiff to California. (Doc. No. 22). Likewise, the catch-all eighth factor supports transfer because trial in California requires less total expense, for the reasons stated

4

above, including location of parties and witnesses. (Doc. No. 22). The ninth factor, "administrative difficulties of court congestion," also supports transfer because Defendant's initial action against Plaintiff and the current matter may be appropriate for consolidation, which would reduce this Court's congestion without increasing congestion in California. (Doc. No. 22).[1] Finally, the tenth factor, "the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with state law that must govern the action," weighs in favor of transfer because Plaintiff has not presented any opposition to Defendant's argument that California law applies to the viable claims in this case. (Doc. No. 22).

The Court also agrees that five of the factors are neutral and favor neither party. The second factor, "residence of the parties," is neutral because one party resides in California and the other in North Carolina. (Doc. No. 16). The fifth factor, "the possibility of a view," is neutral as a view will not be relevant in this case. (Doc. No. 22). Additionally, the sixth factor, "the enforceability of a judgment if obtained," is neutral. Even though Defendant has no property in North Carolina, this Court could require a California court to enforce the judgment. (Doc. No. 22). The seventh factor, "the relative advantages and obstacles to a fair trial," is neutral because any federal court is capable of providing a fair trial. (Doc. No. 22). Lastly, the eleventh factor, "avoidance of unnecessary problems with conflict of laws," favors neither party because Defendant contends that California law applies and Plaintiff neither opposes that contention nor indicates which law applies. (Doc. No. 22).

---

[1] The Court, however, expressly provides no opinion as to whether the cases should be consolidated following transfer of this matter.

The Court finds that no factors oppose transfer. The Court finds that transfer of this matter to the United States District Court for the Northern District of California is appropriate under §1404 and controlling law.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judicial Notice and Motion to Transfer to the Northern District of California are both **GRANTED**.

IT IS SO ORDERED.

Signed: January 7, 2015

Frank D. Whitney
Chief United States District Judge